IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| In re JACK MAXVILL,<br><br>Petitioner. | Cause No. CV 19-167-M-DLC-KLD<br><br>ORDER and FINDINGS<br>AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On October 9, 2019, the Court received from Mr. Maxvill a letter asserting violations of his constitutional rights. Maxvill is facing one or more criminal charges in Mineral County. He states that he has been held in jail for almost six months out of the past year, despite his innocence, because the attorneys appointed to represent him have all had conflicts of interest. *See* Letter (Doc. 1) at 2. In Maxvill's view, these conflicts stem from the fact that Ed Sheehy, the attorney responsible for appointing counsel when the public defenders have a conflict, has a conflict himself with respect to Maxvill. Maxvill also contends that previous counsel lied to him and about him. *See, e.g.*, Attachment (Doc. 1-1) at 2.

For lack of a better option, the clerk opened a case in Maxvill's name. Because Maxvill's letter indicates he qualified for the appointment of counsel in the state court, this Court will assume, for present purposes, that he cannot afford to pay all costs that may be associated with a habeas action. The filing fee will be waived.

1

Federal jurisdiction potentially arises under a provision of the general habeas corpus statute, 28 U.S.C. § 2241(c)(3), as Maxvill alleges his custody violates the Constitution.  His letter will be construed as a petition for writ of habeas corpus because, if a federal judge could act on his letter, a habeas petition would be the appropriate jurisdictional vehicle.

But "a federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and conviction can have the same effect as a direct injunction of ongoing state proceedings." *Brown v. Ahern*, 676 F.3d 899, 900–01 (9th Cir. 2012).  And "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971).

Even numerous difficulties in finding conflict-free counsel do not suggest the prosecutor brought the case in bad faith or has no realistic hope of obtaining a valid conviction.  Maxvill's dissatisfaction with his counsel and the manner of counsel's appointment do not threaten "irreparable injury," *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Brown*, 676 F.3d at 901, because Maxvill has recourse through further proceedings in the state court, appeal, and other state remedies as well as a post-judgment federal habeas petition.  Maxvill's letter does not justify pre-conviction federal habeas corpus relief.

In sum, a person facing state criminal charges may ask a federal court to

intervene, not by writing a letter, but by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241(c)(3).  The general rule, however, is that federal courts will not interfere with state criminal proceedings.  Maxvill's allegations do not come close to showing that his case should be an exception to the general rule.  If he is convicted, and if he believes his federal constitutional rights were violated in the process, and if state remedies prove unsuccessful, then he may challenge the validity of his conviction and/or sentence by filing in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2254.  At this time, however, the federal court is obliged to defer to the state proceedings.  *See Brown*, 676 F.3d at 903.  No decision is made on the merits of Maxvill's allegations.

A certificate of appealability must be considered, *see* 28 U.S.C. § 2253(c)(2); *Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc), *abrogated on other grounds by Swarthout v. Cooke*, 562 U.S. 216, 220–22 (2011) (per curiam), but is not warranted.  The case is plainly controlled by *Brown v. Ahern*, 676 F.3d 899 (9th Cir. 2012).

Based on the foregoing, the Court enters the following:

## ORDER

1. Maxvill's letter is RECHARACTERIZED as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

2. The petition is also construed as a motion to proceed in forma pauperis.

3

So construed, the motion is GRANTED.  The clerk will waive payment of the filing fee.

The Court also enters the following:

## RECOMMENDATION

1.  Maxvill's petition should be DISMISSED without prejudice.

2.  The clerk should be directed to enter by separate document a judgment of dismissal.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Maxvill may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1).  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 16th day of October, 2019.

Kathleen L. DeSoto
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.